IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALONIA ANDERSON PERKINS, | * | |
| Petitioner, | * | |
| v. | * | Criminal Case No. PX-17-0364 (Related Civil No. PX-21-3194) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

Petitioner Alonia Perkins filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 177. The Government responded, principally contending that the motion is untimely. ECF No. 184, 187. Perkins next filed a companion Motion for Concurrent Sentencing, to which the Government also responded. ECF Nos. 185 & 186. Thereafter, the Court concluded the Motion to Vacate was untimely and directed Perkins to show cause why equitable tolling should apply. ECF No. 193. Perkins timely supplemented the motion. ECF No. 194. The motions are fully briefed and no hearing is necessary. For the following reasons the Motion to Vacate will be dismissed as untimely, and the motion for concurrent sentencing will be denied.

### I.    Background

On November 6, 2017, Perkins was indicted for conspiracy to fraudulently obtain Apple iPhones from AT&T stores in Maryland using stolen AT&T customer identities. ECF No. 46. ECF No. 177-2. On October 2, 2018, while Perkins was in pretrial detention with the Bartow County Sheriff's Department in Cartersville, Georgia, a writ for her appearance issued. ECF No. 96. On November 11, 2018, Perkins had her initial appearance for this case, received Court-appointed counsel, and was detained in United States Marshal custody. ECF No. 107, 108 & 110.

On January 29, 2019, Perkins pleaded guilty pursuant to a written plea agreement to conspiracy to commit wire fraud and one count of aggravated identity theft.  ECF Nos. 125, 126 & 184-1.  At the plea colloquy, Perkins confirmed under oath that she reviewed with her counsel the charges, the plea agreement, and the entirety of the factual stipulation supporting the plea.  *See* ECF No. 184-1, Tr. at 3.  She further confirmed that she had consulted with counsel on all critical aspects of the case and was completely satisfied with her attorney's representation.  *Id.* at 8-9. Perkins likewise acknowledged that she had a working understanding of the Advisory Sentencing Guidelines, the plea agreement guideline stipulations, and the waiver of all challenges to her sentence, save for a prison term that exceeds the top of her final Advisory Guideline range.  *Id.* at Tr. 18-22 & 24-25.

The Court sentenced Perkins on April 12, 2019.  The Court first confirmed that Perkins had received the Presentence Report (PSR) and reviewed it entirely with her counsel.  ECF No. 184-2 at 2-3.  Notably, the PSR detailed that at the time of her appearance in this Court, Perkins had been detained at Bartow County Jail in Georgia for an "unrelated offense."  *Id.* at 1.  The PSR also identified the state offense as a fraud charge arising from purchases made at Home Depot on September 10, 2018.  *Id.* at 19.

The PSR did not identify the Georgia offense as related to the offenses of conviction for good reason.  The federal conspiracy offense took place between July 2015 and June 2016, whereas the Georgia offense occurred well after.  The federal offense also involved fraudulently obtaining products from Apple stores in Maryland and Washington state, whereas the Georgia offense involved merchandise sold at a local Home Depot.

After hearing from counsel and Perkins, the Court sentenced her to a below-Guidelines prison term of 24 months on the conspiracy offense, followed by the mandatory consecutive 24-

month prison sentence for aggravated identity theft. *Id.* at 26. The Court closed the hearing by specifically advising Perkins that if she wished to appeal the sentence, she must discuss appeal promptly with her counsel and note the appeal within 14 days. *Id.* at 30. Perkins did not appeal her sentence.

Next on July 26, 2019, Perkins pleaded guilty in Georgia state court to the fraud charge involving the Home Depot merchandise, and was sentenced to four years' imprisonment. ECF No. 177-2. *See id.* at 4 ("c/c with federal conviction – [d] may serve time in federal cust [handwritten note cuts off]"). Perkins was not returned to federal custody to finish her federal sentence until the state sentence had been fully served. Ultimately, Perkins was released from federal custody on April 22, 2024. *See* https://www.bop.gov/inmateloc/, find by name, Alonia Perkins (last visited March 12, 2026).

Over two years after the judgment on her federal sentence became final, Perkins moved to vacate her sentence pursuant to 28 U.S.C. § 2255. ECF No. 177. In the Motion to Vacate, Perkins contends that her court-appointed counsel rendered constitutionally ineffective assistance in (1) failing to argue that the Court should run the federal sentence concurrently to the yet-imposed state sentence pursuant to U.S.S.G. § 5G1.3(c); and (2) failing to note an appeal. *See id.* at 4-5. Had the timely appeal been filed, argues Perkins, she would have preserved the identical sentencing issue she now raises as grounds for relief. *Id.*

The Government opposes the Motion to Vacate as time-barred and because it fails on the merits. For the following reasons, the Court agrees that the motion is time-barred and will dismiss the petition on that ground alone.

## II.     Standard of Review

28 U.S.C. § 2255(f) proscribes the time for persons convicted of federal crimes seek relief

under the statute.  It states that the limitation period of one year runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Notably, however, "the one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  But, to be entitled to equitable tolling, the movant must establish either that some wrongful conduct by the Government contributed to the delay in filing the motion to vacate, or that circumstances beyond the movant's control caused the delay.  *See Harris*, 209 F.3d at 330.  Generally, the movant must show that she has been diligently pursuing her rights and some extraordinary circumstance prevented her from filing a timely petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### III.    Discussion

#### A.      The Motion to Vacate is Untimely

Perkins was sentenced and this Court issued the judgment on April 12, 2019.  ECF No. 148.  Perkins did not appeal the judgment or sentence.  Indeed, Perkins knowingly and voluntarily waived her right to the same.  ECF No. 125 ¶ 10(b) ("The Defendant . . . knowingly and expressly

4

waive[s] all rights . . . to appeal whatever sentence is imposed . . . including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment."). The judgment, in turn, became final 14 days later. Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . entry of [ ] the judgment[.]"). *See also Clay v. United States*, 537 U.S. 522, 532 (2003). Under § 2255(f)(1), Perkins had to file the Motion to Vacate before April 26, 2020. *See id.* at 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). She did not. Thus, the Motion to Vacate is time-barred.

Perkins, in response, contends that her motion is timely because she filed it within one year of when she discovered the error. ECF No. 177 at 10. But the Court has previously rejected this contention, ECF No. 193, and incorporates that decision here. Rather, Perkins' motion will only survive if she can demonstrate that the limitations period is subject to equitable tolling.

**B.      Equitable Tolling Does Not Apply**

Perkins advances three related reasons why the Court should equitably toll limitations: (1) trial counsel's error in failing to note an appeal rendered the claim untimely; (2) Perkins lacked access to "necessary legal resources" while incarcerated and, (3) general "confusion surrounding her legal rights." ECF No. 194 at 2. None support the requested relief. The stated grounds for relief are well-defined, straightforward, and easily ascertainable by the exercise of due diligence. The PSR plainly reflects that at the time of sentence, Perkins was pending a state criminal offense in Georgia, and she was sentenced on that offense three months later, which gave her ample time

to investigate whether her counsel could have asked this Court for concurrency, and in turn, file a timely § 2255 motion.

Alternatively, while constitutionally ineffective assistance can in certain circumstances excuse the failure to timely file a motion to vacate, *see Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), counsel simply did not render ineffective assistance as to Perkins.  To establish ineffective assistance of counsel, the petitioner must show both that her attorney's performance fell below an objective standard of reasonableness and that she suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Where no prejudice results from the claimed errors of counsel, the Court need not reach whether the attorney's performance was deficient. *Strickland*, 466 U.S. at 697.

As to counsel's failure to pursue a concurrent sentence under U.S.S.G § 5G1.3, Perkins was not entitled to such relief.  U.S.S.G. § 5G1.3(c) concerns adjustments made for yet-to-be imposed sentences that amount to "relevant conduct" vis the federal offense.  U.S.S.G. § 5G1.3(c) (if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instance offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.").  As the PSR rightly concluded, the 2018 Georgia offense was not relevant conduct to the conspiracy to obtain Apple products in 2015 and 2016.  *See* ECF No. 129; *see also* U.S.S.G. § 1B1.3.  Simply because both offenses involve fraud does not render each relevant to the other.[1]

Nor did trial counsel's purported failure to note an appeal amount to ineffective assistance.  ECF No. 176-77.  Perkins waived her right to pursue an appeal in this circumstance.  Thus,

---

[1] For the same reasons, the Court denies Perkins' motion for concurrent sentence at ECF No. 185.  The Court does not have the power to unilaterally resentence Perkins.  *See* Fed. R. Crim. P. 35(a) ("[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").  But even if it did, the relief is not warranted.

counsel's failure seek that which Perkins could not obtain alone visited no prejudice and cannot independently excuse her failure to file a timely Motion to Vacate. Thus, the Motion to Vacate is dismissed as time-barred.

### IV.    Certificate of Appealability

When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Based on the foregoing analysis, a certificate of appealability shall not issue.

### V.    Conclusion

Because the Motion to Vacate under 28 U.S.C. § 2255 is time-barred, the motion will be dismissed, and Perkins's motion to sentence concurrently will be denied. The Court declines to issue a Certificate of Appealability.

A separate Order follows.

| | |
|---|---|
| 3-17-26 | /s/ |
| Date | Paula Xinis<br>United States District Judge |